Brian J. Coffey (ISB #6566)
COFFEY LAW OFFICE
3350 Americana Terrace, Ste. 205
Boise, Idaho 83706
Telephone: (208) 991-8043
Facsimile: (208) 439-7435
brian@coffeylawoffice.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL C. MEYER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a Delaware corporation; RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as:<br><br>2809 W. Gavin St., Boise, Idaho 83709,<br><br>　　　　　Defendants. | Case No. 10-632<br><br>**COMPLAINT TO QUIET TITLE** |

Plaintiff, DANIEL C. MEYER ("DANIEL"), by and through his counsel of record, Brian J. Coffey, Complains as follows:

## I.

### JURISDICTION AND VENUE

1. This action is brought pursuant to Idaho Code §6-401. The real property at issue is commonly referred to as 2809 W. Gavin St., Boise, Idaho 83709 (the Property). The legal description for the property is:

A parcel located in the Southwest Quarter of Section 33, Township 4 North, Range 2 East, Boise Meridian, Ada County, Idaho and being part of Lots 1, 2 and 3 in Block 17 of Cruzen Addition to Boise, Idaho, according to the official plat thereof, filed in Book 3 of Plats at Page(s) 115, Official Records of Ada County, Idaho, more particularly described as follows:

Commencing at a brass cap monument marking the intersection of 28th Street and Gavin Street, from which a 5/8 inch diameter iron pin marking the intersection of 29th Street and Gavin Street bears
North 89°11'47" West a distance of 319.95 feet; thence
North 89°11'47" West along the centerline of said Gavin Street a distance of 29.89 feet to a point; thence leaving said centerline
South 0°48'13" West a distance of 30.00 feet to a 5/8 inch diameter iron pin marking the Northeast corner of Lot 1 of said Block 17 of Cruzen Addition and the POINT OF BEGINNING; thence
South 0°35'46" West along the Easterly boundary of Lots 1, 2 and 3 of said Block 17 a distance of 80.03 feet to a 5/8 inch diameter iron pin marking the Southeast corner of Lot 3 of said Block 17; thence
North 89°12'07" West along the Southerly boundary of said Lot 3 a distance of 70.01 feet to a 5/8 inch diameter iron pin; thence leaving said Southerly boundary
North 0°35'44" East a distance of 80.04 feet to a 5/8 inch diameter iron pin on the Northerly boundary of Lot 1 of said Block 17; thence
South 89°11'47" East along said Northerly boundary a distance of 70.01 feet to the POINT OF BEGINNING.

2.   This Court has jurisdiction pursuant to 28 USC 1332(a) because there is diversity between the parties and the amount in controversy exceeds $75,000.00.

3.   Venue is proper in this District pursuant to 28 USC § 1391(a) as the district in which the Property is situated.

4.   DANIEL, an unmarried man, is the owner of record of the Property.

5.   Defendant, BANK OF AMERICA, N.A ("BOFA"), is a Delaware corporation, with last known address for its principal place of business of 100 North Tryon St., Charlotte, NC 28255.

6.   Defendant, RECONTRUST COMPANY, N.A. ("RECONTRUST"), is a corporation of unknown origin, with last known address for its principal place of business of 1800 Tapo Canyon Rd, Simi Valley, CA 93063.

7.      Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), is a Federally Chartered Corporation with its principal place of business at 3900 Wisconsin Ave. NW, Washington, D.C., 20016.

## II.

## QUIET TITLE

8.      DANIEL financed the Property on or about November 10, 2005 with a loan originated by BOFA.

9.      On or about November 10, 2005, DANIEL executed a Promissory Note payable to the order of BOFA.

10.     On or about November 10, 2005, DANIEL granted a Deed of Trust to BOFA, which was recorded in the Ada County Recorder's office.

11.     Since November 10, 2005, DANIEL received various correspondences from BOFA, which purported to be the owner and servicer of the loan.

12.     In 2010, DANIEL received correspondence from BOFA indicating the loan was in default.  In August 2010, DANIEL received a Notice of Default (Ada County Recorder Document number 110075658) purporting that BOFA was the present holder of the beneficial interest in the Deed of Trust.  (See true and correct copy of Notice of Default attached as Exhibit A.)

13.     DANIEL alleges that the loan was included in a collateralized debt obligation/mortgage backed security ("CDO/MBS") subsequent to the recording of the Deed of Trust and no later than December 31, 2006, based on information and belief.

14.     DANIEL alleges that BOFA is not the true, present beneficiary of the Deed of Trust.

15.     DANIEL alleges that no valid Assignment of the Deed of Trust from BOFA to the true, present beneficiary has been recorded as of the date of this Complaint.

16.     DANIEL alleges that BOFA sold all of its interest in the loan through the CDO/MBS process and is not entitled to be in possession of the Promissory Note.

17.     RECONTRUST was purportedly appointed as the Successor Trustee of the Deed of Trust on August 16, 2010 (Ada County Recorder Document number 110075657) by BOFA. (See true and correct copy of Appointment of Successor Trustee attached as Exhibit B.)

18.     Without any valid interest of its own in the Deed of Trust, BOFA did not have any authority to appoint a Successor Trustee or to carry out a non-judicial foreclosure sale.

19.     DANIEL alleges that BOFA, or their principals if they are but agents, be required to produce the original Promissory Note executed by DANIEL, which will reveal that the Note was indorsed either specially or in blank as part of the CDO/MBS transaction or transactions.

20.     Based on information and belief, DANIEL alleges that FANNIE MAE is the true, current beneficiary of the Deed of Trust.  Utilizing FANNIE MAE's "Loan Lookup Tool" on its website (http://www.fanniemae.com/loanlookup/), FANNIE MAE itself states that it "owns the loan" on the Property.  (See copy of printout of Loan Lookup Tool printout attached as Exhibit ___.)

21.     DANIEL alleges that FANNIE MAE in fact "owned the loan" prior to and at the time the purported Appointment of Successor Trustee (Ada County document number 110075657) and Notice of Default (Ada County document number 110075658) were signed and recorded in August 2010.

22.     DANIEL further alleges that the Appointment of Successor Trustee and Notice of Default are invalid and ineffective based on BOFA's lack of legal authority to appoint a successor trustee having already sold and transferred all of its rights and interest in the loan years prior to the signing and recordation of the Appointment.  Similarly, the Notice of Default fails because it was purportedly signed and recorded by RECONTRUST, which had no authority to

execute the Notice of Default or prosecute a non-judicial foreclosure owing to the ineffective Appointment.

23. Based on information and belief, DANIEL also alleges that both the Appointment of Successor Trustee and Notice of Default fail even if BOFA had an interest in the Deed of Trust because they were not signed by anyone with the actual legal authority to act on BOFA's or RECONTRUST's behalf.

24. At the very least, the Appointment of Successor Trustee was not signed by anyone with the actual authority to transfer a real property interest of BOFA.

25. The Appointment of Successor Trustee was purportedly signed by "Carmelia Boone" as an "Authorized Signer" for Bank of America, N.A. The Appointment was notarized by Tammy Ruth Gist, a notary public in Tarrant County, Texas. The Notice of Default was purportedly signed by "Shelby Conklin" as an "Authorized Signer" on behalf of Recontrust Company, N.A. It too was notarized by Tammy Ruth Gist, a notary public in Tarrant County, Texas. Both documents were purportedly signed on August 13, 2010.

26. DANIEL contends the Appointment and Notice of Default were in fact signed by so-called "Robo-signers" who had no actual authority to act on BOFA's or RECONTRUST's behalf.

27. The Affidavit of Service by Mail (Ada County Recorder's office document number 110106417) contains what purports to be "a true copy of the document that was recorded on 08/16/2010 Instrument No. 110075658 in Ada County" – namely, the Notice of Default. However, the version of the Notice of Default included with the Affidavit of Service by Mail bears the signature of "Tonya Maluzen," without any title but with the designation "/s/ Authorized Signature" beneath what appears to be an electronically imprinted signature. Furthermore, the Notice of Default included in the Affidavit of Service by Mail was not

**it is "a true copy" of the Notice of Default is patently false**.  (See true and correct copy of Affidavit of Service by Mail attached as Exhibit D, p.4.)

28. The Affidavit of Service by Mail was recorded on November 11, 2010, almost three months after the Notice of Default with document number 110075658 had been recorded.

29. The Affidavit of Service by Mail was signed by "Alejandra Casillas" with a date stamp indicating it was signed on November 4, 2010.  It was notarized in Ventura County, California, by "E.L. Howard."  However, the acknowledgment states that Ms. Casillas appeared before Mr./Ms. Howard on "November 5, 2010."

30. These irregularities alone cast serious doubt on the legitimacy and legal effectiveness of the pre-foreclosure documents.  In light of the well-publicized, ongoing fraud being committed by mortgage servicers, lenders, banks, and law firms around the country, the irregularities in this case combined with the absence of any documents reflecting an assignment of the Deed of Trust establish there is a serious question as to who, other than DANIEL, owns an interest in the Property.

31. This Complaint is being brought to determine the interest of BOFA, RECONTRUST and FANNIE MAE in the Property, if in fact any of them have any valid interest in the Property.

32. There is no dispute regarding DANIEL's fee simple interest in the Property.

    **WHEREFORE**, DANIEL respectfully requests the following:

    1. That BOFA, RECONTRUST and/or FANNIE MAE be required to produce the original Promissory Note in Court;

    2. That the interests of BOFA, RECONTRUST and FANNIE MAE in the Property, if any, be determined by the Court;

  3.  That any other person or entity purporting to have an interest in the Property prove its interest in Court;

  4.  That DANIEL be awarded attorney fees and costs of suit pursuant to Idaho Code §§ 12-120 and 12-121.

DATED: December 19, 2010

          By_____/s/ Brian J. Coffey _____
            Brian J. Coffey
            Attorney for Plaintiff