# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL C. MEYER,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A. a Delaware corporation; RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Corporation; and DOES 1-10 as individuals or entities with an interest in the property commonly known as: 2809 W. Gavin St., Boise, Idaho 83709,<br><br>    Defendants. | Case No. 1:10-cv-00632-EJL<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS (DKT. 8)** |

On July 20, 2011, this case was referred to the undersigned for all pretrial matters (Dkt. 23). Pending is a Motion to Dismiss (Dkt. 8) filed by Defendants Bank of America, N.A. ("Bank of America"), ReconTrust Company, N.A. ("ReconTrust"), and the Federal National Mortgage Association ("Fannie Mae"), (collectively "Defendants"). The Court enters the following report and recommendation to grant Defendants' Motion:

## I. BACKGROUND

Plaintiff Daniel C. Meyer ("Meyer") seeks to "quiet title" to property located at 2809 W. Gavin Street in Boise, Idaho ("the Property"), of which Meyer is "the owner of record". Compl., ¶ 4 (Dkt. 1). In November of 2005, Meyer executed a promissory note (the "Note") and Deed of Trust in Bank of America's favor to obtain a $187,000 loan (the "Loan") to purchase the Property. Mot.

Dismiss, Ex. 2 (Dkt. 8-2).[1] The Deed of Trust lists Bank of America as both the lender and the beneficiary. (Dkt. 8-2). First American Title Company was the original Trustee, and Meyer is the Trustor under the Deed of Trust. *Id.*

Meyer apparently stopped making payments on the Loan in February of 2010. *See* Dkt. 1-4 (Notice of Default). On August 13, 2010, Bank of America appointed a successor trustee, ReconTrust. *See* Compl., Ex. B (Dkt. 1-2). The appointment was recorded with Ada County on August 16, 2010. Also on August 16, 2010, ReconTrust, as "Trustee," filed with the Ada County Recorder a Notice of Default on the Property. *See* Compl., Ex. A (Dkt. 1-1). That Notice lists Bank of America as the "Beneficiary" under a "Deed of Trust." *Id.* Meyer received a Notice of Default, executed by ReconTrust, along with additional correspondence about the default. Compl., pp. 5-6 (Dkt. 1).

Meyer alleges that he learned, in December 2010, that Fannie Mae owns the Loan on the Property, not Bank of America. Compl., ¶ 20 & Ex. C (Dkt. 1-3). Defendants acknowledge that, at some time between November 2005 and August of 2010, Fannie Mae became "the investor and owner of the loan by assignment," Defs.' Mem., p. 2 (Dkt. 8-1), but do not address whether Fannie Mae also holds the Note. It is this transfer of Loan ownership that underlies Meyer's request for relief in this case.

Meyer alleges that Bank of America does not have any valid interest in the Deed of Trust (without owning the corresponding Loan) and, therefore, does not have any authority to appoint a

---

1 The Court may examine documents referred to in the complaint, although not attached thereto, without transforming a motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court also may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). The court may treat such documents as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Therefore, this court accepts as true all material allegations in the complaint, the deed of trust and documents attached to the complaint and motion to dismiss, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

successor trustee or to carry out a non-judicial foreclosure sale. Compl., ¶ 18 (Dkt. 1). Meyer also points to other "irregularities" that he believes cast "doubt on the legitimacy and legal effectiveness of the pre-foreclosure documents." *Id.* at ¶ 30. Meyer filed this case to "determine the interests of" Bank of America, ReconTrust, and Fannie Mae in the Property. He also requests that Defendants be required to produce the original signed promissory note.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Meyer has failed to state a claim for relief.

## II. REPORT

### A. Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a plaintiff's claim for relief. The relevant inquiry is whether the plaintiff's allegations are sufficient under Federal Rule of Civil Procedure 8(a), which sets forth the minimum pleading requirement, i.e., that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, the court must accept as true all non-conclusory, factual (not legal) allegations made in the complaint, *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1950 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007), and draw all reasonable inferences in favor of the plaintiff, *Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, --- U.S. at ----, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In sum, dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed.1999)).

**B.    The nature of a quiet title action.**

No foreclosure sale has occurred in regard to the Property and, as of the date the Motion to Dismiss was briefed, Meyer was still the Property owner of record. *See* Defs.' Mem., pp. 9-10 (Dkt. 8-1). In Idaho, a quiet title "action may be brought by any person against another who claims an estate or interest in real or personal property adverse to him, for the purpose of determining such adverse claim." Idaho Code § 6-401. The "purpose of a quiet title action is to establish the security of title." *Roselle v. Heirs and Devisees of Grover*, 789 P.2d 526, 529 (Idaho Ct. App. 1990). Meyer's quiet title claim is a valid method, even if unusual in the context, to determine the rights of the parties, but only if the title is clouded in some way by the transfers at issue in this case. (Without such a "cloud," the Court cannot perceive "an estate or interest in real or personal property adverse to [Meyer].") As explained below, Meyer's title is not clouded in a present way that provides a basis for quieting title in this case.

C. **The securitization of the loan and its transfer to another entity did not extinguish the security interest or otherwise impact the ability to foreclose on the trust deed.**

Meyer alleges that, when Bank of America included his Loan in a collateralized debt obligation/mortgage-backed security, Bank of America lost any interest in the Note and Deed of Trust and, as a result, its authority to appoint a successor trustee or initiate a non-judicial foreclosure sale was extinguished. Compl., ¶¶ 13-18 (Dkt. 1). Meyer asserts that when Bank of America sold the Loan, "it also should have transferred its interest in the collateral, the deed of trust, to the same entity that owned the loan," because a "loan without a valid beneficial interest in the deed is merely an unsecured, personal loan." Pl.'s Opp., p. 3 (Dkt. 10). Meyer also argues that "Bank of America should have negotiated the note when it securitized the loan" and, likewise, the entity that purchased the pool of loans with Meyer's Loan in it also should have received an assignment of the deed of trust for the security to be "backed by any mortgages." *Id.* at p. 5.

This is not a new battlefield. Several courts have rejected various theories that "securitization of a loan somehow diminishes the underlying power of sale that can be exercised upon a trustor's breach." *West v. Bank of America*, Case No. CV10-1966-JCM, 2011 WL 2491295 at *2 (D. Nev. June 22, 2011). *See also Beyer v. Bank of America*, ___ F.Supp.2d ___, 2011 Westlaw 3359938, *2 (D. Or. Aug. 2, 2011) (rejecting an argument that a trust deed is void when separated from a promissory note); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039 (N.D.Cal. 2009) (rejecting plaintiff's theory that defendants "lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool"); *Chavez v. California Reconveyance Co.*, Case No. No. 2:10–cv–00325–RLH–LRL, 2010 WL 2545006 at *2 (D. Nev. June 18, 2010) ("The alleged securitization of Plaintiffs' Loan did not invalidate the Deed of Trust, create a requirement of judicial foreclosure, or prevent Defendants from being holders in due course."). The Court finds the reasoning of these cases persuasive and notes that Meyer has not cited *any* cases finding otherwise. Accordingly, to the extent Meyer seeks to argue that Bank of

**REPORT AND RECOMMENDATION – 5**

America's securitization of the Loan or transfer to Fannie Mae voids either of their interests in the Property, it is recommended that Defendants' Motion to Dismiss be granted.

However, even if some entity still has a power of sale that can be exercised under the Deed of Trust based on Meyer's alleged breach,[2] Meyer argues that such entity is *not* Bank of America and that this clouds the title. The Deed of Trust indicates that Bank of America is still the named beneficiary of the Deed of Trust,[3] even though its status as original lender/owner of the Loan has changed.[4] Meyer appears to argue that Bank of America has assigned the Deed of Trust to Fannie Mae, but not recorded it, or that Fannie Mae is now the beneficiary on the Deed of Trust because of the Loan transfer. Meyer suggests that Bank of America's transfer of the Loan, possibly without transfer of the trust deed, may make it impossible to "cure" or "clear" the chain of title. Opposition, pp. 5-6 (Dkt. 10).

The Court disagrees. As Defendants argue, "[n]o matter which entity is instituting foreclosure proceedings, only one entity is doing so, and [Meyer] does not deny that he is in default under the loan documents." Defs' Mem., p. 2 (Dkt. 8-2). If Meyer attempted to cure his default, he has accurate information about where to send his payment and what amount to pay. Assuming Meyer paid his debt on the Note in full, it would extinguish the obligation that is the subject of the trust deed and remove the trustee's power to foreclose on the Property. Thus, although the trust deed and Loan may not be for the same entity's benefit, this does not cloud the title to the Property.

---

2 *See Roque*, 2010 Westlaw 546896 (citing a California statute and rejecting a plaintiff's claim that the power of sale in the deed of trust is no longer valid "because the chain of ownership is unrecorded").
3 The Idaho statute governing trust deed foreclosure defines "beneficiary" to mean "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or his successor in interest." Idaho Code § 45-1502(1) (emphasis added). "Trust deed" means a deed "conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or other person named in the deed to a beneficiary." Idaho Code § 45-1502(3). A federal district court in Oregon has explained that "[b]ecause the purpose of the trust deed is to secure the performance of an obligation owed to the beneficiary, the benefit of the trust deed is that the obligation is fulfilled." *Beyer v. Bank of America*, ___ F.Supp.2d ___, Case No. CV10-523-MO, 2011 Westlaw 3359938 (D. Or. Aug. 2, 2011).
4 The Deed of Trust allows the Note or a partial interest in the Note to be sold one or more times without prior notice to the Borrower (here, Meyer). (Dkt. 8-2, p. 12).

*See, e.g.*, *Roque v. SunTrust Mort., Inc.*, No. C-09-00040 RMW, 2010 WL 546896, *3 (N.D.Cal. Feb. 10, 2010) (observing that "[t]rustees regularly foreclose on behalf of assignees for the original beneficiary"). Only the trustee of the trust deed can institute foreclosure proceedings.[5] Accordingly, there are no interests in the Property to be determined. The trust deed is the only document affecting the Property. *See Roque*, 2010 WL 546896, *3 (describing the practical effect of a trust deed to create "a lien" on the property, and rejecting, in a declaratory judgment action, the plaintiff's "tenuous assertion that the beneficiary of record of the deed of trust does not have standing to foreclose on the property because the [Loan Pooling and Service Agreement] somehow canceled the power of sale continued in the deed of trust due to the unknown chain of ownership").

Put another way, if a bank holds a security interest but not the defaulted promissory note, it may not have a reason to enforce the security interest; likewise, "a bank holding a defaulted note may want to foreclose, but cannot without the security interest." *Beyer v. Bank of America*, ___ F.Supp.2d ___, 2011 Westlaw 3359938, *2 (D. Or. Aug. 2, 2011). As a practical matter then, the holders of the two interests must support one another to collect a debt.[6] *Id.* But only one entity can foreclose, the entity that holds the security interest, and only upon a default of the obligation secured by the trust deed. Thus, for purposes of a quiet title action, that Bank of America is named as the beneficiary does not change the rights or obligations of Meyer with regard to the Property.[7] Meyer is still required to meet his obligations under the Loan and, if he fails to do so, the beneficiary of the trust deed may initiate foreclosure, through the trustee, following the procedures set forth by Idaho's

---

5 The original trustee, or a properly appointed successor trustee, has the power to initiate non-judicial foreclosure proceedings upon "a default by the grantor or other person owing an obligation the performance of which is secured by the trust deed." Idaho Code § 45-1505(2).
6 In this regard, Bank of America argues it is the "holder's nominee" because of its designation as beneficiary on the deed of trust. Reply, p. 8 n.3.
7 The language of the trust deed also provides support for the right of Bank of America, as the "lender" on the Deed of Trust, to appoint a "substitute trustee"— an action it took by appointing ReconTrust. (Dkt. 8-2, p. 13) ("If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default . . . ."). The Deed of Trust does not specifically define "lender" to include a purchaser of the Note from the original lender. *See* Dkt. 8-2, p. 12, ¶ 20.

**REPORT AND RECOMMENDATION – 7**

statutes. Although this may have created "a complex payment arrangement for receiving the benefit of the obligation" between Fannie Mae and Bank of America, it "creates no practical harm" for Meyer, and no basis in which to quiet title. *Id.* That complex arrangement is no doubt a maddening arrangement for the homeowner borrower; however, the byzantine nature of the arrangement is not on this record a basis on which to "quiet" title in Meyer.8 Accordingly, because there are no interests adverse to Meyer that need to be determined, the Court recommends that the Motion to Dismiss be granted on this additional basis.

**D.     Defendants are not required to produce the promissory note.**

Although Meyer initially requested that Defendants be required to produce the original Note, Meyer's opposition brief clarifies his argument that because "there are serious doubts concerning ownership of the loan . . . it is appropriate, and it should be required, that the original note be produced in court to establish that at least someone is entitled to enforce the loan." Pl.'s Opp., pp. 4-5 (Dkt. 10). However, Meyer has not provided any authority to require that the Note be produced, or some particular legal requirement peculiar to the cause of action. Nor are there any indications in the record that the document has been requested in discovery, not produced, and Meyer seeks to compel its production. Here, the Idaho statutes governing trust deed foreclosure do not require the trustee to produce the promissory note that was executed along with the trust deed in order to initiate non-judicial foreclosure proceedings. *See* Idaho Code § 45-1502-1515. Moreover, the Court has found no additional authority requiring production of the Note in this case or a quiet title action in

---

8  For similar reasons, the Court will not consider Meyer's challenge to the notices provided or procedures followed in initiating the trust deed foreclosure process. This is not an action for wrongful disclosure, but one to quiet title, and Meyer has not shown that any of the notices provided or procedures followed cloud title to the Property.

**REPORT AND RECOMMENDATION – 8**

general.⁹  To the extent Meyer seeks production of the Note as a remedy, it is recommended that the District Court grant Defendants' Motion to Dismiss.

## III.    RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the District Court GRANT Defendants' Motion to Dismiss (Dkt. 8).

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."  Accordingly, any objection to this Report and Recommendation shall be filed on or before **September 13, 2011**; any response shall be filed by **September 27, 2011**.

DATED:  **August 29, 2011**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

9  Indeed, there are several cases interpreting other states' foreclosure proceedings in which courts have rejected similar requests.  *See, e.g.*, *Gontenas v. Household Finance Corp. of California*, Case No. C 11–02633 CW, 2011 WL 3583400, *1 (N.D.Cal. Aug. 12, 2011) (explaining that, "in California, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale," and rejecting plaintiff's request that Defendants be required to produce the original note and trust deed); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187 (D.Ariz. 2009) (noting that the absence of any controlling authority providing that the cited Arizona UCC section applies in non-judicial foreclosure proceedings and emphasizing that district courts "have routinely held that plaintiff's 'show me the note' argument lacks merit"); *Wayne v. HomEq Servicing, Inc.*, Case No. No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, *3 (D.Nev., Oct. 16, 2008) (explaining that "[c]ourts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status").