UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL C. MEYER,<br><br>               Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, N.A., a Delaware corporation; RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A., FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Corporation; and DOES 1- 10 as individuals or entities with an interest in the property commonly known as: 2809 W. Gavin St., Boise, Idaho 83709,<br><br>               Defendants. | Case No. 1:10-CV-00632-EJL-REB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 29, 2011, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation in this matter. Dkt. 24. Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. On September 13, 2011, Plaintiff Daniel Meyer ("Meyer") filed his Objections to the Report and Recommendation. Dkt. 25. On September 27, 2011,

**ORDER- 1**

Defendants Bank of America, N.A., Federal National Mortgage Association, and Recontrust Company NA filed a Response to Plaintiff's Objections. Dkt. 28. The matter is now ripe for the Court's review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). In this case, Plaintiff objects to Judge Bush's recommendation to dismiss the case. Simply put, Judge Bush determined the relief requested by Plaintiff is not proper when the cause of action is a quiet title action.

The Court adopts the factual background and standard of law for a motion to dismiss set forth in the Report and Recommendation, Dkt. 24, pp. 1-4. However, the Court will restate the facts to add context to the review of the objections.

> Plaintiff Daniel C. Meyer ("Meyer") seeks to "quiet title" to property located at 2809 W. Gavin Street in Boise, Idaho ("the Property"), of which Meyer is "the owner of record". Compl., ¶ 4 (Dkt. 1). In November of 2005, Meyer executed a promissory note (the "Note") and Deed of Trust in Bank of America's favor to obtain a $187,000 loan (the "Loan") to purchase the Property. Mot. Dismiss, Ex. 2 (Dkt. 8-2). The Deed of Trust lists Bank of America as both the lender and the beneficiary. (Dkt. 8-2). First American Title Company was the original Trustee, and Meyer is the Trustor under the Deed of Trust. *Id.*
>
> Meyer apparently stopped making payments on the Loan in February of 2010. *See* Dkt. 1-4 (Notice of Default). On August 13, 2010, Bank of America appointed a successor trustee, ReconTrust. *See* Compl., Ex. B (Dkt. 1-2). The appointment was recorded with Ada County on August 16, 2010. Also on August 16, 2010, ReconTrust, as "Trustee," filed with the Ada County Recorder a Notice of Default on the Property. *See* Compl., Ex. A (Dkt. 1-1). That Notice lists Bank of America as the "Beneficiary" under a "Deed of Trust." *Id.* Meyer received a Notice of Default, executed by ReconTrust, along with additional correspondence about the default. Compl., pp. 5-6 (Dkt. 1).
>
> Meyer alleges that he learned, in December 2010, that Fannie Mae owns the Loan on the Property, not Bank of America. Compl., ¶ 20 & Ex. C (Dkt. 1-3). Defendants acknowledge that, at some time between November 2005 and August of 2010, Fannie Mae became "the investor and owner of the loan by assignment," Defs.' Mem., p. 2 (Dkt. 8-1), but do not address whether Fannie Mae also holds the Note. It is this transfer of Loan ownership that underlies Meyer's request for relief in this case.
>
> Meyer alleges that Bank of America does not have any valid interest in the Deed of Trust (without owning the corresponding Loan) and, therefore, does not have any

ORDER- 3

authority to appoint a successor trustee or to carry out a non-judicial foreclosure sale. Compl., ¶ 18 (Dkt. 1). Meyer also points to other "irregularities" that he believes cast "doubt on the legitimacy and legal effectiveness of the pre-foreclosure documents." *Id.* at ¶ 30. Meyer filed this case to "determine the interests of" Bank of America, ReconTrust, and Fannie Mae in the Property. He also requests that Defendants be required to produce the original signed promissory note.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Meyer has failed to state a claim for relief.

The Court reviewed the Report and Recommendation and the record in this matter and finds the Report and Recommendation to be well-founded in the law and that the law is properly applied to the facts of this particular case. In his objection, Meyer expresses disagreement with the numerous cases cited by Judge Bush, but fails to offer other cases on point to support his position. Meyer does argue a decision by this Court in another case, *Armacost v. HSBC Bank USA*, civil case no. 10-274-S-EJL should be applied to the facts of this case. The Court respectfully disagrees with Plaintiff.

In *Armacost*, the plaintiff filed an action challenging the foreclosure on his home pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Specifically, plaintiff argued pursuant to §1692f(6) of the FDCPA the defendant as a debt collector cannot use any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f(6)(a) prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there

is no present right to possession of the property claimed as collateral through an enforceable security interest. . ."

The court acknowledged a split in authority on whether the FDCPA could apply to a non-judicial foreclosure, but determined the § 1692(f) claim regarding whether the party seeking the foreclosure to had a "right to initiate" the non-judicial foreclosure proceeding survived the standard of plausibility for a motion to dismiss. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. This is not to say the § 1692f claim will ultimately prevail, it merely survived the motion to dismiss analysis.

In the case at bar, Plaintiff has filed a quiet title action pursuant to Idaho Code § 6-401, not an action pursuant to FDCPA so *Armacost* is not applicable. The Court agrees with Judge Bush that Plaintiff cannot establish a cloud on the title to the property just because Plaintiff has not been provided proof of which entity holds the original promissory note. There is no genuine dispute as regarding title to the property. Plaintiff is the fee simple owner and the property is subject to a promissory note secured by a deed of trust. The promissory note and deed of trust obligations are not contested by Plaintiff. Plaintiff has included no assertion in his Complaint that he tendered payment of his debt obligation. Without evidence or even an assertion that Plaintiffs can or are willing to

**ORDER- 5**

tender payment on their note, they cannot succeed on their quiet title action, as a matter of law. *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952) ( "[a] mortgagor cannot without paying his debt quiet title as against the mortgagee").

The Court finds the securitization of the loan did not extinguish the security interest in the real property. *West v. Bank of America*, Case No. CV10-1966-JCM, 2011 WL 2491295 at *2 (D. Nev. June 22, 2011); *Beyer v. Bank of America*, ___ F.Supp.2d ___, 2011 Westlaw 3359938, *2 (D. Or. Aug. 2, 2011); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039 (N.D.Cal. 2009); *Chavez v. California Reconveyance Co.*, Case No. No. 2:10–cv–00325–RLH–LRL, 2010 WL 2545006 at *2 (D. Nev. June 18, 2010).

Finally, the Court agrees with Judge Bush that the "show me the note" defense is not applicable as there is no requirement under the Idaho non-judicial foreclosure statute that the original promissory note must be produced to initiate non-judicial foreclosure proceedings. *See* Idaho Code § 45-1502-1515. Nor was Judge Bush or this Court presented with any case law that the note must be produced in a quiet title action.

The Court is not unsympathetic to Meyer's situation of having his home foreclosed upon. But Meyer does not deny that he entered into a promissory note secured by a deed of trust on his residence, took the proceeds from the note, and later defaulted on the required payments on the note. The issue before the Court is whether a cause of action to quiet title can be the basis for a challenge to the non-judicial foreclosure proceedings and require a lender to produce the original promissory note. The answer is it cannot where

ORDER- 6

there is no cloud on the title to the real property at issue.   The Plaintiff's objections are denied.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Report and Recommendation (Dkt. 24) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety; and

2. The Motion to Dismiss filed by Defendants Bank of America, N.A., Federal National Mortgage Association, and ReconTrust Company NA (Dkt. 8) is  GRANTED and the case is DISMISSED IN ITS ENTIRETY.

DATED:  **September 30, 2011**

Honorable Edward J. Lodge
U. S. District Judge